**The STATE of Texas, Appellant,**

v.

**Jose Ledesma ESCOBAR, Appellee.**

**Nos. 01–88–00678–CR, 01–88–00679–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 5, 1989.

John B. Holmes, Dist. Atty. and Cathy Herasimchuk, Asst. Dist. Atty., Harris County, for appellant.

Frank Alvarez, Houston, for appellee.

Before EVANS, C.J., and SAM BASS and COHEN, JJ.

EVANS, Chief Justice.

Appellee was charged with possession of more than 28 grams and less than 400 grams of cocaine. He then filed a motion to suppress all evidence obtained as a result of the search of a restaurant conducted pursuant to a warrant. In the motion, appellee attacked the sufficiency of the supporting affidavit to establish probable cause to search under both federal and Texas constitutional standards and Texas statutory law.

Appellee argued in the trial court that the warrant affidavit did not establish probable cause because the affiant did not state: (1) when the informant obtained his information that the appellee was selling drugs out of his restaurant; and (2) how the informant knew that this activity was taking place. After hearing arguments of counsel, the trial court granted the motion to suppress, from which the State now appeals.

In a sole point of error, the State contends that the trial court erred in granting the motion to suppress because the affidavit established probable cause under both the United States and Texas Constitutions, as well as Tex.Code Crim.P.Ann. art. 18.01 (Vernon Supp.1988).

The record reflects that on January 15, 1988, the issuing magistrate found that probable cause existed to search a restaurant and a residence for controlled substances and to arrest appellee and a woman with whom appellee lived.

The warrant affidavit, in pertinent part, set forth the following grounds for the request to search:

On January 14, 1988, your affiant personally spoke with a confidential informant who for reasons of personal safety and security will remain unnamed throughout this affidavit but who has given your affiant information regarding illegal narcotic activities on numerous past occasions. The information has always proven to be true and correct and has resulted in many narcotic arrests.

This informant told affiant that Jose Escobar and hispanic female known to informant as Lupe were selling cocaine out of the restaurant located at 9834 Jensen and also out of their residence located at 4802 Anice. Informant states that most customers were coming to the restaurant to buy cocaine. The customer would go into the restaurant where Jose Escobar would sell them the cocaine. Informant believes that Lupe is the wife of Joe Escobar and that she handles the cocaine business if Jose is not there. Informant has also been inside the residence at 4802 Anice on several occasions. On these occasions, the informant saw what appeared to be a kilo of cocaine. Informant states that some customers come to the residence but that most of the cocaine business is done out of the restaurant. Jose Escobar will make several trips daily between the residence and the restaurant to pick-up cocaine. Jose Escobar has stated several times that he is the owner of the restaurant. Informant also stated that appellee is driving a Chev. Truck Texas Tag 6509LN. Jose Escobar also has stated that he once was arrested for selling a kilo of cocaine to a police officer.

Your affiant is personally aware that the aforesaid informant has seen cocaine on many occasions and is able to recognize the substance.

Affiant went with the informant to the area of 9834 Jensen Drive. The informant had previously been searched for narcotics. Affiant watched as the informant entered the restaurant. Informant was in the restaurant less than two minutes. Informant left the restaurant and returned directly to affiant. Informant handed affiant a plastic bag that contained cocaine.

Affiant checked for a criminal history on a Jose Escobar who would show a home address of 4802 Anice. Affiant found that a Jose Escobar living at 4802 Anice has a prior arrest and conviction for aggravated delivery of cocaine. This criminal history also reflected that Jose Escobar and Quadalupe Rios both live at 4802

Anice and are associated with El Rosita Restaurant. Affiant checked with the Texas Alcoholic Beverage Commission and found that liquor license of the restaurant were under name of Quadalupe Rios. The utilities of both the restaurant and the residence are also under the name of Quadalupe Rios. Affiant obtained the registration on Texas Tag 6509LN. Affiant found the registration to show that the vehicle belongs to Quadalupe Rios. Affiant has done several hours of surveillance on the restaurant and residence. Affiant observed numerous persons go into the restaurant and leave after staying only a short period of time. These persons were not in the restaurant long enough to eat and were not carring [sic] any type of carry out food containers. Affiant followed Jose Escobar as he made several trips between the residence and restaurant. Affiant also observed Jose Escobar meet several unknown persons in parking lots in the area of the restaurant. The unknown persons would get in the vehicle with Jose Escobar and exit after being in his vehicle less than two minutes.

■ The duty of the magistrate is to determine whether the facts contained in the affidavit are sufficient to establish probable cause that the object of the search is on the premises at the time the warrant is issued. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Cassias v. State,* 719 S.W.2d 585 (Tex.Crim. App.1986). Probable cause is determined from "a totality of circumstances," *Gates,* 462 U.S. at 238, 103 S.Ct. at 2332, as viewed from the four corners of the affidavit. *Lagrone v. State,* 742 S.W.2d 659, 661 (Tex.Crim.App.1987). The warrant must be read in a common sense and realistic, not a hypertechnical, manner, and the magistrate is entitled to draw reasonable inferences from the facts contained therein. *Cassias,* 719 S.W.2d at 587–88; *Schmidt v. State,* 659 S.W.2d 420 (Tex.Crim.App.1983).

The duty of the reviewing court, whether trial or appellate, is to determine whether the magistrate had a "substantial basis" for concluding that probable cause existed for the issuance of a warrant, which is valid on its face, and not to conduct a "de novo" review of probable cause. *Massachusetts v. Upton,* 466 U.S. 727, 728, 104 S.Ct. 2085, 2086, 80 L.Ed.2d 721 (1984); *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331. The magistrate who issues the warrant must be given deference, unless his action is shown to be a mere ratification of the bare conclusions of others. *Gates,* 462 U.S. at 236, 239, 103 S.Ct. at 2331, 32.

The sufficiency of the evidence contained in the affidavit to establish probable cause is a question of law based strictly on the written evidence. *United States v. Freeman,* 685 F.2d 942, 948 (5th Cir.1982). Thus, each reviewing court must determine, from the four corners of an apparently valid affidavit, whether under the totality of circumstances, the issuing magistrate, having drawn reasonable inferences from the facts, had a substantial basis for concluding that probable cause existed. *Upton,* 466 U.S. at 728, 104 S.Ct. at 2086; *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331. This Court accordingly must review the legal sufficiency of the affidavit, independent of the district court's decision, giving deference to the magistrate's original decision that probable cause existed. *See Freeman,* 685 F.2d at 948.

The affiant stated that he received information that appellee and his female friend "were selling" cocaine from the restaurant, that customers "were coming" to the restaurant to purchase cocaine, and that appellee "will make" trips to retrieve cocaine from his residence. Appellee contends that the failure of the informant to provide dates and to state precisely *when* he learned of this information makes that information stale because the facts attested to in a search warrant must be closely related to the time of the issuance of the warrant. *Peltier v. State,* 626 S.W.2d 30 (Tex.Crim.App.1982).

Here, however, probable cause was not determined solely from the informant's information. *See and compare Sherlock v. State,* 632 S.W.2d 604, 608 (Tex.Crim.App. 1982); *Alvarez v. State,* 750 S.W.2d 889 (Tex.App.—Corpus Christi 1988, no pet.).

The affiant also stated that he spoke with the informant on January 14, 1988, the day before the warrant was issued, and that after he searched the informant for narcotics, the informant entered the restaurant and exited shortly thereafter with cocaine. The affiant also testified that he set up surveillance of the restaurant. He saw appellee make several trips between the restaurant and residence; saw others enter and leave the restaurant in too short a time to eat and without carrying food containers; and saw appellee and others enter and exit a car in less than two minutes, all in corroboration of the informant's information.

The warrant was signed on January 15, 1980, within 24 hours after the informant received cocaine at the restaurant. Under a common sense reading of the affidavit, the magistrate could reasonably infer that the affiant's observations were made soon after he spoke with the informant and before the warrant was signed. *See Powell v. State,* 505 S.W.2d 585, 587 (Tex.Crim. App.1974). Thus, the affiant independently corroborated the informant's tip within a day of receiving the information by supervising a controlled buy. He also viewed other activity, which, although consistent with innocent activity, could be reasonably viewed as suspicious and supportive of probable cause, especially in light of the consistencies with the informant's information. *See Gates,* 462 U.S. at 243 n. 13, 103 S.Ct. at 2335 n. 13. Viewing the totality of the circumstances, the magistrate could reasonably conclude that appellee was selling cocaine at the restaurant at the time the warrant was issued.

■ Appellee argues that it is possible that the informant went into the restaurant and purchased the cocaine from someone other than appellee. However, that possibility does not preclude the determination of probable cause to search. Rather, it is the probability of criminal activity, not a prima facie showing of such activity, that is the standard of probable cause. *Id.; Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

■ Appellee also argues that the informant's information was not conclusive because the informant only saw what "appeared to be a kilo of cocaine." But the affiant stated that he is personally aware that the informant is able to recognize the substance, and that the informant has given correct narcotic information in the past. Thus, it can be reasonably inferred that the informant knew the substance was cocaine. *See Palmer v. State,* 614 S.W.2d 831 (Tex. Crim.App.1981). In any case, the informant's prior observation of cocaine becomes a much less significant factor in light of the totality of corroborating circumstances. Here, the affiant supervised a "controlled buy" from the restaurant. He observed the informant enter the restaurant, return shortly thereafter, and hand him a package of cocaine. Because probable cause does not require proof beyond a reasonable doubt, the affiant is not required to provide positive proof that the substance observed was, in fact, contraband. *Richardson v. State,* 622 S.W.2d 852 (Tex.Crim.App.1981).

Based on a totality of the circumstances, we conclude that the issuing magistrate, viewing the warrant from its four corners in a common sense fashion, had a substantial basis for concluding that probable cause existed to search the restaurant. The trial court therefore erred, as a matter of law, in granting appellee's motion to suppress.

We sustain the State's point of error, vacate the order granting the motion to suppress, and remand the cause.