IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-343-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





SHERI NELLE McMILLEN



 APPELLEE


NO. 3-92-353-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





DARVIN DUANE HADLEY



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY



NOS. 32539-2 & 32593-2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING



 




 The State appeals from trial court orders granting motions to suppress evidence. 
See Tex. Code Crim. Proc. Ann. art. 44.01(5) (West Supp. 1994). Appellee Sheri Nelle
McMillen and appellee Darvin Duane Hadley were charged by separate complaints and
informations with the unlawful possession of marihuana in an amount less than two ounces. 
McMillen filed a motion to suppress the evidence seized by the execution of a search warrant on
July 29, 1991. She contended that the affidavit supporting the search warrant did not reflect
probable cause, rendering the search invalid. Complaint was made that no return was made on
the search warrant and no copy of any inventory was delivered as required. See Tex. Code Crim.
Proc. Ann. art. 18.101 (West Supp. 1994). Hadley also filed a motion to suppress evidence. His
complaints were similar to those of McMillen. Hadley contended that the search warrant affidavit
did not set out underlying circumstances showing that the informants were credible or reliable,
or when the informants saw the evidence at the residence in question. He further alleged that the
affidavit and search warrant did not sufficiently identify the premises to be searched, and that the
warrant itself did not contain a return and did not reflect that it was executed within three days
from its issuance as required by law.

 On June 18, 1992, the trial court conducted a joint hearing on the suppression
motions. On July 2, 1992, the trial court entered formal orders granting the motions to suppress. 
The State gave timely notices of appeal.

 In a single point of error in each cause, the State contends that the trial court erred
in suppressing the State's evidence because the affidavit underlying the warrant was sufficient on
its face to support the warrant.

 On appeal, both appellees concede that (1) the premises to be searched were
adequately described in the warrant; (1) (2) the failure of the officer to make a proper return on the
warrant does not render the search invalid; (2) and (3) the warrant was executed within the statutory
time period following its issuance. (3) The remaining question is whether the affidavit to obtain the
search warrant established probable cause for the issuance of the warrant.

 An affidavit in support of a search warrant must contain sufficient information to
support the magistrate's finding of probable cause. Keen v. State, 626 S.W.2d 309, 312 (Tex.
Crim. App. 1981); Mayfield v. State, 800 S.W.2d 932, 934 (Tex. App.--San Antonio 1990, no
pet.). This is a requirement of the federal and state constitutions and state statutory law. See
U.S. Const. Amend. IV, XIV; Tex. Const. Art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b)
(West Supp. 1994). Thus, search warrants properly issue only when predicated on probable
cause.

 The duty of the magistrate is to determine whether the facts contained in the
affidavit are sufficient to establish probable cause that the object of the search is on the premises
at the time the warrant is issued. State v. Escobar, 764 S.W.2d 570, 572 (Tex. App.--Houston
[1st Dist.] 1989, pet. ref'd).

 In reviewing the sufficiency of the affidavit, we use the "totality of the
circumstances" analysis. Illinois v. Gates, 462 U.S. 212 (1983); Bower v. State, 769 S.W.2d
887, 903 (Tex. Crim App.), cert. denied, 495 U.S. 927 (1989); Eisenhauer v. State, 754 S.W.2d
159, 164 (Tex. Crim. App.), cert. denied, 488 U.S. 848 (1988), overruled in part, Heitman v.
State, 815 S.W.2d 681 (Tex. Crim. App. 1991); Mayfield, 800 S.W.2d at 934. Moreover, in
determining the sufficiency of an arrest or search warrant, a reviewing court is limited to the "four
corners of an affidavit." Jones v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992); Lagrone
v. State, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987). The determination, however, is not
meant "to place legalistic blinders on the process where a neutral and detached magistrate must
decide whether there are sufficient facts stated to validate issuance of a proper warrant." Lagrone,
742 S.W.2d at 661. The magistrate is permitted to draw reasonable inferences from the affidavit,
and the affidavit should be interpreted in a common sense and realistic manner. Id.

 In Gates, the United States Supreme Court, in abandoning the strict two-prong test
of Aguilar v. Texas, 378 U.S. 108 (1964) (4) wrote:



The task of the issuing magistrate is simply to make a practical common sense
decision whether given all the circumstances set forth in the affidavit before him,
including the "veracity" and "basis of knowledge" of persons supplying hearsay
information, there is a fair probability that contraband or evidence of a crime will
be found in a particular place. And the duty of a reviewing court is simply to
ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that
probable cause existed.



Gates, 462 U.S. at 238-39.

 The adoption of the "totality of the circumstances" test means that an informer's
veracity and basis of knowledge are merely relevant considerations, not controlling factors. If
other factors are present which compensate for weaknesses in these areas, there may be sufficient
probable cause despite the weaknesses. Rojas v. State, 797 S.W.2d 41, 43 (Tex. Crim. App.
1990).

 The instant search warrant affidavit reads in pertinent part:



3. The suspected place and premises are in charge of and controlled by: 


 Darvin Duane Hadley, w/m, dob 7-24-61.


4. In the name and by authority of the State of Texas: 


 I have reason to believe, and do believe, that before the filing of this affidavit,
on or about July 29, 1991, in Williamson County, Texas, Darvin Dewayne
[sic] Hadley intentionally or knowingly possessed a useable quantity of
marihuana, against the peace and dignity of the State.


5. My belief is based on the following facts:


 I am John Malmquist, a deputy of the Sheriff of Williamson County, Texas.


 On July 29, 1991, I went to the suspected premises to assist a DHS worker. 
Brandy McMillan, age 16, and Misty McMillan, age 13, spoke to me
privately, outside the presence of their mother. They told me that Darvin
Dewayne [sic] Hadley lived there with them and their mother. They said that
Hadley had a useable quantity of marihuana concealed in the bedroom he
shared with their mother, and that they had seen it. The mother admitted
having had a drug problem. Hadley's criminal history indicates convictions
for possession of marihuana, theft, unauthorized use of vehicle, and driving
under influence. There are also numerous other arrests for which it is not
shown whether convictions resulted.



 The State urges that the affidavit meets the strict two-prong test of Aguilar, and
thus clearly satisfies the more lenient "totality of the circumstances" test of Gates. Appellees
argue to the contrary.

 A magistrate is entitled to rely on information supplied by an average citizen named
in the affidavit since, unlike many police informants, they are much less likely to produce false
or untrustworthy information. Jaben v. United States, 381 U.S. 214, 224 (1965); Johnson v.
State, 803 S.W.2d 272, 289 (Tex. Crim. App.), cert. denied, 497 U.S. 1003 (1990); see also
Esco v. State, 668 S.W.2d 358 (Tex. Crim. App. 1982); Wood v. State, 573 S.W.2d 207 (Tex.
Crim. App. 1978); Frazier v. State, 480 S.W.2d 375 (Tex. Crim. App. 1973). The naming of
two citizens by affiant as the source of the information he obtained is relevant to the "veracity"
factor in the "totality of circumstances" test.

 As to the "basis of knowledge" factor, we observe that the affiant swore the
informants told him that Hadley had a useable quantity of marihuana in the bedroom and that they
"had seen it." No time was given, but these were personal observations being reported. Courts
have consistently recognized that personal observations by an affiant's source are sufficient to
satisfy the "basis of knowledge" factor. Winkles v. State, 634 S.W.2d 289, 297 (Tex. Crim. App.
1981); Carmichael v. State, 607 S.W.2d 536, 539 n.1 (Tex. Crim. App. 1981); Collins v. State,
502 S.W.2d 743, 745 (Tex. Crim. App. 1973). Appellees argue that there is no showing in the
affidavit that the informants had the qualifications to identify the substance they claimed to have
seen. A layman, however, is permitted to assert that a substance seen by him is marihuana
without a showing in the affidavit of his qualifications to recognize it. See Capristran v. State,
759 S.W.2d 121, 128 (Tex. Crim. App. 1982); Richardson v. State, 622 S.W.2d 852, 857 (Tex.
Crim. App. 1981).

 Be that as it may, appellees contend that the instant affidavit failed to state sufficient
facts to show that the marihuana was probably at the residence in question at the time the warrant
issued and thus probable cause was lacking. See Sgro v. United States, 287 U.S. 206, 210 (1932);
Schmidt v. State, 659 S.W.2d 420, 421 (Tex. Crim. App. 1983); Sherlock v. State, 632 S.W.2d
604, 608 (Tex. Crim. App. 1982); Peltier v. State, 626 S.W.2d 30, 32 (Tex. Crim. App. 1982);
Heredia v. State, 468 S.W.2d 833, 835 (Tex. Crim. App. 1971). The purpose of stating times
when events occurred is to show the magistrate that the contraband or stolen items are probably
at the suspected location at the time the warrant issues.

 The affidavits in Heredia and Peltier used the past tense and were held deficient. 
Likewise, the instant affidavit used the past tense, "had" and "had seen it." No time frame was
given. There was no use of "recently" and "now" as in Sutton v. State, 419 S.W.2d 857, 861
(Tex. Crim. App. 1967).

 It is true that facts in the affidavit, other than times explicitly stated, may be
reviewed. See Flores v. State, 827 S.W.2d 416, 419 (Tex. App.--Corpus Christi 1992, pet. ref);
Ellis v. State, 722 S.W.2d 192, 196 (Tex. App.--Dallas 1986, no pet.). Where the specific or
exact date of the offense is set out in the affidavit, particularly where it is the same date affiant
spoke to the informants, it is not an unreasonable deduction for the magistrate to ascertain the
closeness of time sufficient to conclude from the affidavit that probable cause did exist. See
Powell v. State, 505 S.W.2d 585, 587 (Tex. Crim. App. 1974); State v. Escobar, 764 S.W.2d
570, 573 (Tex. App.--Houston [1st Dist.] 1989, pet. ref'd); Lewis v. State, 654 S.W.2d 483, 487
(Tex. App.--Tyler 1983, pet. ref'd). The instant affidavit alleged the offense occurred "on or
about" July 29, 1991, indicating affiant's uncertainty about when the informants "had seen it,"
even though he had spoken to the informants on July 29, 1991.

 The affiant did state that Hadley had a prior conviction for possession of 
marihuana, but the date of the conviction or the date of the offense upon which it was based was
not given. It may well have been a remote conviction and could not serve as a basis for a claim
of an on-going pattern of criminal activity so as to avoid a staleness of information objection. Cf.
United States v. Webster, 734 F.2d 1048, 1056 (5th Cir.), reh. denied, 739 F.2d 633, cert.
denied, sub. nom. Hoskins v. United States, 469 U.S. 1073 (1984). It is also observed that the
affidavit stated the "mother admitted having had a drug problem." (emphasis added). Here again,
the past tense was used. The staleness of the information relied upon is to be determined on the
facts of each case. Ellis, 722 S.W.2d at 196.

 Determining probable cause does not require certainty, but only probability that
contraband or evidence is located in a certain place, Gates, 462 U.S. at 230-31, but the "facts
attested to must be so closely related to the time of the issuance of the warrant as to justify a
finding of probable cause at the time." Heredia, 468 S.W.2d at 835.

 In the instant cause, the trial court granted the motion to suppress evidence. Such
a ruling following a suppression hearing will not be disturbed absent an abuse of discretion. 
Dancy v. State, 728 S.W.2d 772, 777 (Tex. Crim. App.), cert. denied, 484 U.S. 975 (1987);
Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). In reviewing the trial court's
decision, an appellate court does not engage in its own factual review; it determines only whether
the record supports the trial court's ruling and whether the trial court improperly applied the law
to the facts. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Segura v. State,
826 S.W.2d 178, 181 (Tex. App.--Dallas 1992, pet. ref'd). On appeal, the evidence adduced at
the suppression hearing is viewed in the light most favorable to the trial court's ruling, keeping
in mind that the trial court is the sole judge of the credibility of the witnesses and the weight to
be given their testimony. See Daniels v. State, 718 S.W.2d 702, 704 (Tex. Crim. App.), cert.
denied, 479 U.S. 885 (1980), overruled on other grounds, Juarez v. State, 758 S.W.2d 772, 780
n.3 (Tex. Crim. App. 1988).

 In the instant cause, it is apparent that the issuing magistrate could not have
ascertained the closeness of time sufficient to issue the instant warrant based on an independent
judgment of probable cause. Schmidt, 659 S.W.2d at 421; Peltier, 626 S.W.2d at 30. The trial
court did not err in granting the motions to suppress evidence. The orders granting the
suppression motions are affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, B. A. Smith and Onion*

Orders Affirmed

Filed: March 2, 1994

Do Not Publish




* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   When the affidavit is incorporated in the search warrant by reference, it becomes part
of and can be used to aid the description of the premises in the search warrant. Green v.
State, 799 S.W.2d 756, 760 (Tex. Crim. App. 1990).
2.   Pecina v. State, 516 S.W.2d 401, 404 (Tex. Crim. App. 1974); Joshua v. State, 696
S.W.2d 451, 457 (Tex. App.--Houston [14th Dist.] 1985, pet. ref'd).
3.   Officer-affiant John Malmquist testified that the search warrant was executed on the
day of issuance. This was sufficient in the absence of a return. Green, 799 S.W.2d at 759.
4.   In Aguilar, the Supreme Court had held that a search warrant affidavit may be based on
hearsay information and need not reflect the direct personal observations of the affiant. However,
if based on hearsay, the issuing magistrate must (1) be informed of the underlying circumstances
from which it can be determined that the affiant received his information in a "reliable" way, and
(2) the magistrate must also be informed of specific factual allegations from which the affiant
concluded that the source was "credible" or his information "reliable." Id. at 114. The two
prongs are often referred to as the "basis of knowledge" prong and the "veracity" prong.