**Joseph Lee BOLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–00409–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 23, 2000.

Thomas "Jay" Wooten, Friendswood, Appellant.

Michael J. Guarino, Richard H. Branson, Galveston, for State.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.*

## OPINION

SAM NUCHIA, Justice.

Appellant was charged with forgery and possession of less than a gram of cocaine. The State dismissed the forgery charge. The court denied appellant's motion to suppress the cocaine, and appellant pled guilty. The judge sentenced appellant to eighteen months confinement. We reverse.

## BACKGROUND

The evidence introduced at the suppression hearing shows appellant cashed a ten dollar check belonging to Mary Battistoni at Spillway Fishing Pier. Appellant told the clerk that Battistoni was his mother. The clerk accepted the check, but she thought it was suspicious so she wrote his driver's license number on the check.

Deputy Brad Golden investigated a report that someone was trying to pass a forged check. Golden ran the driver's license number on the back of the check that was cashed at Spillway Fishing Pier, and he found that it was appellant's driv-

---

\* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

er's license. Golden took a complaint stating the following to the magistrate:

> ... on or about the 6TH day of January, A.D., 1999, and before the making and filing of this complaint, in the County of Galveston and State of Texas, JOSEPH LEE BOLEY did then and there unlawfully INTENTIONALLY AND KNOWING ALTER, MAKE, COMPLETE, EXECUTE, OR AUTHENTICATE ANY WRITING SO THAT IT PURPORTS: TO BE THE ACT OF ANOTHER WHO DID NOT AUTHORIZE THAT ACT; TO WIT: SIGNS AND PASSES A CHECK NOT BEING AUTHORIZE BY CHECK OWNER COMPANY; TO WIT: SUBJECT IDENTIFIED BY A DRIVERS LICENSE AND A WITNESS. I CONTACTED D.A. HOLMES WHO RECOMMENDED CHARGES OF FORGERY WITH AT 10,000 BOND.

Also on the complaint was the notation "see attached" in the space provided for witness names. At the suppression hearing, Officer Golden testified that when he presented the complaint to the Justice of the Peace, the affidavit of forgery, a copy of the Spillway clerk's statement, his offense report, and copies of the checks were attached. The judge issued a warrant for appellant's arrest.

Golden received a report that appellant was at Spillway Fishing Pier trying to pass another check. Golden arrested appellant and found him in possession of a crack cocaine pipe and less than a gram of crack cocaine.

## ANALYSIS

Appellant argues the magistrate was limited only to the facts contained within the complaint to determine probable cause, and the single factual statement, "subject identified by a drivers license and a witness," is insufficient to establish probable cause. The State argues the complaint, together with the other attachments, was sufficient information upon which the mag-

istrate could have relied to form the basis of probable cause.

An affidavit in support of an arrest warrant must provide the magistrate with sufficient information to support an independent judgment that probable cause exists for the issuance of the warrant. *Castillo v. State*, 739 S.W.2d 280, 290 (Tex. Crim.App.1987). The sufficiency of the affidavit is examined under the "totality of the circumstances" analysis of *Illinois v. Gates.* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Hennessy v. State*, 660 S.W.2d 87, 90 (Tex.Crim.App.1983). Warrant affidavits should be interpreted in a common sense and realistic manner, and the reviewing magistrate is permitted to draw reasonable inferences from the facts supporting the averments. *Lagrone v. State*, 742 S.W.2d 659, 661 (Tex.Crim.App. 1987); *Jones*, 568 S.W.2d at 855.

We must determine whether the magistrate had a "substantial basis" for concluding that probable cause existed for the issuance of a warrant, which is valid on its face. *State v. Escobar*, 764 S.W.2d 570, 572 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). We must conduct a "de novo" review of probable cause, and deference is to be given to the issuing magistrate's original decision that probable cause existed. *United States v. Freeman*, 685 F.2d 942, 948 (5th Cir.1982); *Escobar*, 764 S.W.2d at 572. We agree with appellant that the statement on the face of the complaint is insufficient to establish probable cause.

The State cites *Kotlar v. State* apparently for the proposition that if unsworn documents are included with a sworn complaint, and if sufficient probable cause is contained in the combined complaint and documents, the complaint and documents may form the basis for a magistrate's finding of probable cause. *See Kotlar v. State*, 706 S.W.2d 697, 701 (Tex.App.—Corpus Christi 1986, pet. ref'd). We do not believe *Kotlar* stands for that proposition.

Normally, in order for attachments to an affidavit to be considered as part of the affidavit, they must be incorporated by reference. However, it does not invariably follow that without such an incorporation, the affidavit must fail. *Barnes v. State*, 876 S.W.2d 316, 327 (Tex.Crim.App.1994) (*citing U.S. v. Beaumont*, 972 F.2d 553, 561 (5th Cir.1992) (holding a warrant does not necessarily fail without incorporation by reference of the affidavit)).

In *Barnes*, the Court of Criminal Appeals decided that when documents submitted with an affidavit are not incorporated by reference, they may be implicitly incorporated if it is established that: (1) the issuing magistrate essentially considered the attached documents as "part and parcel" of the warrant affidavit; (2) the documents were physically attached; and (3) the matters contained in the documents were an obvious continuation of the affidavit. *Barnes*, 876 S.W.2d at 327.

In *Kotlar*, an officer's affidavit stated, "based upon an attached offense report, he either had personal knowledge or reason to believe that appellant was guilty of destroying or damaging the horse." 706 S.W.2d at 700–01. The court found that, although not within the "four corners" of the affidavit, the attached offense report was properly part of the information the magistrate had before him when deciding whether to authorize a warrant.

This case is distinguishable from *Kotlar* where the affidavit referenced the attached offense report that was before the judge when he made his determination of probable cause. Here, the only reference to any attachment was in the witness name slot on the complaint form. From the record, it is unclear what was attached. Officer Golden testified that the affidavit of forgery, the offense report, a copy of the Spillway clerk's statement, and a copy of the checks were attached to the complaint when he submitted it to the Justice of the

Peace. However, we note that apparently both the offense report and the witness statement were written *after* Officer Golden submitted the affidavit to the Justice of the Peace.[1] Consequently, it is unclear what documents were physically attached or what documents the magistrate considered, and there is no indication in the documents indicating that they were an obvious continuation of the affidavit. We find the affidavit was insufficient to support the arrest warrant.

We sustain appellant's point of error.

We reverse and remand.

---

1. In the offense report, Officer Golden wrote that he obtained a warrant from Judge Foster and *then* got a written statement from the Spillway clerk.