Opinion issued January 22, 2009
















     

                                        

                               

In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00944-CR




QUINCY LAMONT ANDERSON, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 43558-B


 
 
 
 
MEMORANDUM OPINIONA jury convicted appellant, Quincy Lamont Anderson, of burglary of a
habitation and assessed punishment at 20 years in prison. See Tex. Pen. Code Ann.
§ 30.02(a)(1) (Vernon 2003). In four issues, appellant contends that: (1) the evidence
supporting his conviction was legally and factually insufficient; (2) his arrest was
illegal; (3) the court erred in denying his motion to suppress a blood sample obtained
during his arrest; and (4) the State’s use of the term “home invasion” during trial
violated his due process rights and Texas Rule of Evidence 404(b). We affirm.
Background
          About 2:00 a.m. on September 20, 2005, Missouri City Police Department
Detective Greg Nelson was dispatched to the scene of a burglary of a house. A
person, later identified as Joseph Hebert, was reported dead at the scene. Police
determined that Hebert was one of several men who had broken through the front
door of the house and had been fired upon by Gamal Duncan, one of two men who
were renting the house. Duncan was a marijuana dealer. On the night of the shooting,
Detective Nelson was contacted by two women, who identified themselves as
Hebert’s sister and mother, who told Nelson that they believed that Hebert was the
shooting victim referred to in a news report they had seen. Detective Nelson found
the call strange because the news report had not provided the victim’s identity or a
description, and he believed that a participant in the burglary had told the women and
other members of Hebert’s family what had happened. Investigators soon began to
suspect that appellant, who was Hebert’s cousin, was one of the other perpetrators.
          A few days later, Detective Nelson received an anonymous tip from a woman
claiming that appellant had admitted to a role in the burglary. The informant recited
details of the incident that had not been publicly released. Detective Nelson contacted
Hebert’s mother and sister, and the mother confirmed that appellant had told her
about the robbery as well. Detective Nelson then swore out an affidavit and obtained
an arrest warrant.
          Houston police officers arrested appellant pursuant to the warrant. During the
arrest, appellant, who had sustained a gunshot wound during the burglary, bled on the
shirt of one of the arresting officers. The shirt was collected, the blood on it was
tested, and the blood matched a sample taken from the scene of the robbery.
Sufficiency of the Evidence
          In his third issue, appellant argues that the evidence is legally and factually
insufficient to support an inference of his intent to commit theft when he entered the
home.
Standards of Review
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict and determining whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt.
Cruz v. State, 238 S.W.3d 381, 386 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d)
(citing King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000)). The trier of fact
is the sole judge of the weight and credibility of the evidence. Margraves v. State, 34
S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal sufficiency
review, we may not reevaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder. Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999). We must resolve any inconsistencies in the evidence in
favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
          When conducting a factual sufficiency review, we view all of the evidence in
a neutral light. Brown v. State, 212 S.W.3d 851, 859 (Tex. App.—Houston [1st Dist.]
2006, pet. ref’d) (citing Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999)).
We will set the verdict aside only if (1) the evidence is so weak that the verdict is
clearly wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Brown, 212 S.W.3d at 859 (citing Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Under the first prong of Johnson, we
cannot conclude that a conviction is “clearly wrong” or “manifestly unjust” simply
because, on the quantum of evidence admitted, we would have voted to acquit had we
been on the jury. Brown, 212 S.W. 3d at 859 (citing Watson v. State, 204 S.W.3d 404,
417 (Tex. Crim. App. 2006)). Under the second prong of Johnson, we cannot declare
that a conflict in the evidence justifies a new trial simply because we disagree with
the jury’s resolution of that conflict. Id. Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury’s verdict. Id. In conducting a
factual sufficiency review, we must also discuss the evidence that, according to the
appellant, most undermines the jury’s verdict. Brown, 212 S.W.3d at 859 (citing Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003)).
          We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The
fact-finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact-finder’s evaluation of
credibility and demeanor. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App.
1997). As the determiner of the credibility of the witnesses, the fact-finder may
choose to believe all, some, or none of the testimony presented. Id. at 407 n. 5. 
Legal Sufficiency
          A person commits the offense of burglary of a habitation if, without the
effective consent of the owner, he enters a habitation with the intent to commit a
felony, theft, or an assault. Tex. Pen. Code Ann. § 30.02(a)(1). The elements of the
offense of burglary, including intent, may be established by circumstantial evidence.
Nelson v. State, 599 S.W.2d 809, 810 (Tex. Crim. App. 1980); Ortega v. State, 626
S.W.2d 746, 749 (Tex. Crim. App. 1981). It is well settled that the act of breaking and
entering a building at night raises the presumption that the act was done with the
intent to commit theft. Clark v. State, 543 S.W.2d 125, 128 (Tex. Crim. App. 1976);
see also Alvarado v. State, 596 S.W.2d 904, 906 (Tex. Crim. App. 1980) (applying
rule in case involving burglary of a habitation). Here, the State presented evidence
that appellant either broke and entered into Gamal Duncan’s house or acted together
with others in doing so. See Clark, 543 S.W.2d at 127 (“An individual may be guilty
of burglary even though he did not personally enter the burglarized premises if he is
acting together with another in the commission of the offense.”). The burglary took
place at approximately 1:30 a.m. Although Gamal Duncan had not invited appellant
into his house and had never even seen appellant before the trial, police officers found
appellant’s blood at the scene. The first officer to arrive at the house testified that the
front door had been forced open. The evidence that appellant either broke and entered
into Gamal Duncan’s house or acted together with others in doing so was sufficient
for the jury to infer that appellant intended to commit the offense of theft. See
Alvarado, 596 S.W.2d at 906.
          The State also produced additional evidence from which the jury could infer
that theft was the motive for appellant’s entry into the home. Duncan admitted to
dealing marijuana for a living. Detective Nelson testified that burglars commonly
break into the homes of drug dealers to steal drugs and money. Evidence is legally
sufficient as long as it provides the requisite proof needed to satisfy the elements of
the offense charged. Bousquet v. State, 47 S.W.3d 131, 137 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d). We hold that the evidence supports an inference of intent to
commit theft and is legally sufficient to sustain appellant’s conviction for the offense
of burglary of a habitation.
Factual Sufficiency
          In support of his factual sufficiency challenge, appellant points to evidence that
Duncan denied firing shots at the intruders during his initial interview with police
officers. At trial, appellant argued that Duncan had tried to rob him during a drug
deal. When confronted about the matter on the stand, Duncan testified that he denied
having fired the shots at first because he was nervous about having drugs in his
house. Duncan further stated that he never sells drugs at his house and would never
tell a customer where he lives. Detective Nelson testified that it would be so unusual
as to be “outside the realm of [his] experience” for a drug dealer to rob one of his own
customers and attempt to cover it up by claiming that the customer broke into the
dealer’s house. Viewing the relevant evidence in a neutral light, favoring neither the
State nor appellant, and with appropriate deference to the jury’s credibility
determinations, we conclude that the evidence supporting the verdict is not too weak
to support the jury’s finding of guilt beyond a reasonable doubt and that the weight
of the evidence contrary to the verdict is not so strong that the State could not have
met its burden of proof on the issue of appellant’s intent to commit theft. See Pena
v. State, 251 S.W.3d 601, 609 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).
Accordingly, we hold that the evidence on the issue of intent is factually sufficient
to support appellant's conviction for the offense of burglary of a habitation. We
overrule appellant’s third issue.Legality of Arrest
          In his first issue, appellant contends that Detective Nelson’s affidavit was
insufficient to establish probable cause for the issuance of the warrant for the arrest
of appellant.
Standard of Review
          An affidavit in support of an arrest warrant must provide the magistrate with
sufficient information to support an independent judgment that probable cause exists
for the issuance of the warrant. Boley v. State, 16 S.W.3d 95, 97 (Tex.
App.—Houston [1st Dist.] 2000, no pet.) (citing Castillo v. State, 739 S.W.2d 280,
290 (Tex. Crim. App. 1987)). The warrant’s affidavit need only contain probable
cause; it need not contain sufficient evidence that would convince a jury of the
defendant’s guilt beyond a reasonable doubt. McFarland v. State, 928 S.W.2d 482,
509-10 (Tex. Crim. App. 1996), overruled on other grounds, Mosley v. State, 983
S.W.2d 249, 263 (Tex. Crim. App. 1998). The sufficiency of the affidavit is examined
under the “totality of the circumstances” analysis articulated by the United States
Supreme Court in Illinois v. Gates. See 462 U.S. 213, 238-39, 103 S. Ct. 2317, 2332
(1983); see also Hennessy v. State, 660 S.W.2d 87, 90 (Tex. Crim. App. 1983).
Warrant affidavits should be interpreted in a common-sense and realistic manner, and
the reviewing magistrate is permitted to draw reasonable inferences from the facts
supporting the averments. Boley, 16 S.W.3d at 97 (citing Lagrone v. State, 742
S.W.2d 659, 661 (Tex. Crim. App. 1987)). In resolving the issue of sufficiency, we
must conduct an independent review, deferring to the issuing magistrate's original
decision, to determine whether the magistrate had a “substantial basis” for concluding
that probable cause existed for the issuance of a warrant. State v. Escobar, 764
S.W.2d 570, 572 (Tex. App.—Houston [1st Dist.] 1989, pet. ref’d).
Discussion
           Appellant’s attack on the investigating officer’s affidavit centers primarily on 
two contentions: (1) that the affidavit does not adequately establish the reliability of
the anonymous informant, and (2) that the affidavit does not show any independent
confirmation of the informant’s claims. We disagree. The affidavit contains ample
evidence of both the informant’s reliability and subsequent investigation by the
affiant. The anonymous informant provided a “description of the scene” and
recounted “details known only to the Affiant and those present at the event”—in other
words, the informant had information about the burglary that had not been publicly
released, which corroborated her claim that she had been told of the crime by one of
its participants. Additionally, the affidavit states that the investigating officer, after
speaking with the informant, contacted appellant’s cousin and aunt, and that the aunt
confirmed the informant’s statement about appellant’s role in the robbery. 
          We hold that the magistrate had a substantial basis for concluding that probable
cause existed for the issuance of an arrest warrant for appellant and overrule
appellant’s first issue.
Motion to Suppress
          In his second issue, appellant argues that the trial court erred in denying his
motion to suppress a blood sample obtained during his arrest because the blood
sample was obtained in violation of appellant’s state and federal Constitutional rights.
Specifically, appellant contends that the taking of the sample violated Section 1.06
and Chapter 18 of the Texas Code of Criminal Procedure because the sample was not
taken pursuant to a search warrant or with appellant’s consent. In support, appellant
cites a line of Texas and federal cases stemming from the United States Supreme
Court’s holding in Schmerber v. California that the taking of a defendant’s blood
implicates the Fourth Amendment’s protection against unreasonable searches and
seizures. See 384 U.S. 757, 767-68, 86 S. Ct. 1826, 1834 (1966); Escamilla v. State,
556 S.W.2d 796, 798 (Tex. Crim. App. 1977).
          Appellant did not raise these contentions before the trial court in his motion to
suppress, at the pretrial hearing, or in his objections at trial. Where a complaint on
appeal does not comport with an objection made at trial, the error is not preserved on
the complaint. Schultze v. State, 177 S.W.3d 26, 41 (Tex. App.—Houston [1st Dist.]
2005, pet. ref’d) (citing Goff v. State, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996));
see also Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (arguments not
specifically stated in motion to suppress or at hearing were not preserved for appeal).
Because he never objected to the admission of the blood sample on the grounds urged
in his second issue, appellant has failed to preserve the issue for review. See Schultze;
Tex. R. App. P. 33.1(a). We overrule appellant’s second issue. 
Texas Rule of Evidence 404(b) and Due Process
          In his fourth issue, appellant complains that the prosecuting attorney’s reference
to the crime for which appellant was being tried as a “home invasion” rather than a
“burglary” violated Texas Rule of Evidence 404(b) and deprived appellant of due
process of law. However, the prosecuting attorney referred to the crime as a home
invasion several times at trial without drawing an objection from appellant, including
during an extended exchange in which the prosecutor asked a testifying police officer
to explain why the crime in question was more consistent with a home invasion than
a burglary. Generally, unsworn statements by an attorney are not evidence. Peterson
v. State, 961 S.W.2d 308, 311 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).
However, if such “non-evidence” is introduced and considered by the court without
objection, it then becomes evidence. Id. To preserve error under Texas law, a party
must object each time inadmissible evidence is offered unless that party has requested
a running objection or has objected out of the presence of the jury to the testimony he
deems objectionable on a given subject. Love v. State, 199 S.W.3d 447, 456 (Tex.
App.—Houston [1st Dist.] 2006, pet. ref’d) (citing Martinez v. State, 98 S.W.3d 189,
193 (Tex. Crim. App. 2003)). The record does not reflect any request for a running
objection or any objection out of the presence of the jury to the “home invasion”
language. Appellant failed to preserve the issue for review. 
          Appellant further argues that the prosecutor’s reference to the crime as a home
invasion constitutes fundamental error and therefore requires no objection because the
prosecutor’s language shifted the burden of proof in the case. An appellate court may,
in criminal cases, “tak[e] notice of fundamental errors affecting substantial rights
although they were not brought to the attention of the [trial] court.” Boler v. State, 177
S.W.3d 366, 373 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d) (citing Jasper v.
State, 61 S.W.3d 413, 420 (Tex. Crim. App. 2001)); Tex. R. Evid. 103(d). No
objection is required when the error is so egregious that it rises to constitutional
dimensions. Boler, 177 S.W.3d at 373 (citing Jasper, 61 S.W.3d at 421). However, as
this court noted in Boler, such occasions are rare, and appellant here simply states that
fundamental error exists while failing to point to any reason or authority to support
such a conclusion. The case appellant cites, Blue v. State, dealt not with prosecutorial
conduct but with comments made by a trial judge in the presence of the jury regarding
a criminal defendant’s plea negotiations. Thus, it is substantively distinguishable. See
41 S.W.3d 129 (Tex. Crim. App. 2000). 
          Moreover, Rule 404(b), the only rule specifically cited by appellant, is
inapplicable in this context. Rule 404(b) states that evidence of extraneous offenses is
not admissible at the guilt-innocence phase of a trial to prove that a defendant
committed the charged offense in conformity with a bad character. Blackwell v. State,
193 S.W.3d 1, 9 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d); Nobles v. State, 843
S.W.2d 503, 514 (Tex. Crim. App. 1992); Tex. R. Evid. 404(b). An extraneous offense
is defined as “any act of misconduct, whether resulting in prosecution or not, that is not
shown in the charging papers.” Rankin v. State, 953 S.W.2d 740, 741 (Tex. Crim. App.
1996) (emphasis in original). When he used the term “home invasion,” the prosecutor
was clearly referring to the offense for which appellant was on trial, not to any
extraneous offense. We do not find fundamental error and overrule appellant’s fourth
issue. 
Conclusion
          We affirm the judgment of the trial court.
 
                                                             George C. Hanks
                                                             Justice
 
Panel consists of Justices Jennings, Hanks, and Bland. 
Do not publish. See Tex. R. App. P. 47.2(b).