Dennis John SCHMIDT, Appellant,

v.

The STATE of Texas, Appellee.

No. 67294.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 5, 1983.

Rehearing Denied Nov. 16, 1983.

See also, 616 S.W.2d 225.

David G. Lewis, Dumas, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, Robert Huttash, State's Atty., Austin, for the State.

OPINION

MILLER, Judge.

This is an appeal from a conviction for possession of cocaine. The punishment was assessed at 20 years imprisonment.

Appellant challenges the validity of the search warrant used by police officers who searched his automobile and seized the cocaine which was found inside a locked suitcase in the locked trunk. Appellant contends the affidavit on which the search warrant was based is defective. Therefore, he contends, admission of evidence thereunder was error.

The affidavit for search warrant, in pertinent part, is as follows:

"1. THERE IS IN DALLAM COUNTY, TEXAS, A SUSPECTED PLACE AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS: ONE (1) TWO DOOR 1974 DODGE AUTOMOBILE, LICENSE NUMBER PFR 538, STATE OF FLORIDA, NOW PARKED IN THE VACINITY [SIC] OF THE TEXACO STATION ON HIGHWAY 87, DALHART, DALLAM COUNTY, TEXAS

2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES PROPERTY CONCEALED AND KEPT IN VIOLA-

TION OF THE LAWS OF TEXAS AND DESCRIBED AS FOLLOWS: COCAINE

3. SAID SUSPECTED [SIC] PLACE AND PREMISES ARE IN CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING PERSONS: DENNIS JOHN SCHMIDT

4. IT IS THE BELIEF OF AFFIANT, AND HE HEREBY CHARGES AND ACCUSES THAT: DENNIS JOHN SCHMIDT ON OR ABOUT THE 9TH DAY OF APRIL, 1980, IN DALLAM COUNTY, TEXAS, DID THEN AND THERE INTENTIONALLY AND KNOWINGLY POSSESS A CONTROLLED SUBSTANCE, TO–WIT: COCAINE

5. AFFIANT HAS PROBALE [SIC] CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS: AFFIANT, ROY GIBSON, IS EMPLOYED BY THE CITY OF DALHART POLICE DEPARTMENT AND HAS BEEN SO EMPLOYED FOR TWO YEARS.

THE SAID DENNIS JOHN SCHMIDT IS PRESENTLY UNDER MEDICAL ATTENTION AFTER BEING FOUND IN THE ABOVE DESCRIBED VEHICLE, APPARENTLY IN NEED OF MEDICAL ASSISTANCE. A DALHART AMBULANCE WAS CALLED AND TIM BELL AND MYRA STEPHENS RESPONDED. WHEN THEY ARRIVED, DENNIS JOHN SCHMIDT TOLD THEM THAT HE HAD BEEN SNIFFING COCAINE SINCE HE LEFT FLORIDA TO STAY AWAKE.

AFFIANT BELIEVES TIM BELL TO BE A CREDIABLE [SIC] PERSON AND HAS NEVER BEEN CHARGED WITH OR CONVICTED OF A CRIMINAL OFFENSE. AFFIANT IS PERSONALLY ACQUAINTED WITH TIM BELL AND HAS BEEN SO FOR THE PAST YEAR AND ONE–HALF AND KNOWS THAT THE REPUTATION OF TIM BELL FOR TRUTH AND VERACITY IS GOOD."

■ In order to support the issuance of a search warrant, an affidavit should be interpreted in a common sense and realistic manner and the magistrate is entitled to draw reasonable inferences from the facts contained therein. *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Lopez v. State,* 535 S.W.2d 643 (Tex.Cr.App.1976); *Winkles v. State,* 634 S.W.2d 289 (Tex.Cr.App.1982). The facts submitted to the magistrate, however, must be sufficient to justify the conclusion that the property that is the object of the search is probably on the premises to be searched *at the time the warrant issues. Peltier v. State,* 626 S.W.2d 30 (Tex.Cr.App.1981); *Gish v. State,* 606 S.W.2d 883 (Tex.Cr.App. 1980); *Heredia v. State,* 468 S.W.2d 833 (Tex.Cr.App.1971).

■ The affidavit in the instant case fails to state when the affiant received the information from Bell, if we assume Bell is the person who informed the officer of the facts, or when Bell obtained his information. There is nothing in the affidavit to demonstrate when the incident it describes took place. The only reference to time in the affidavit is that the appellant "is presently under medical attention" after being "found" in the automobile. No assertion is made as to how long the appellant had been "under medical attention"—whether for a few hours or a few months. As was stated in *Heredia,* supra, "It is apparent that the magistrate could not ascertain the closeness of time sufficient to issue the warrant based on an independent judgment of probable cause." *Id.* at 835, quoted with approval in *Peltier,* supra at 32.

Accordingly, the inadequacy of the affidavit to support the search warrant rendered the evidence obtained through the search illegal and therefore inadmissible.

■ The appellant also contends that, if the evidence that was illegally obtained through use of the defective search warrant is excluded, there is insufficient evidence to support the conviction. Thus, he argues, the conviction should be reversed and an acquittal entered. This contention is without merit. We held in *Adams v. State,* 639 S.W.2d 942, 943 (Tex.Cr.App.1982) that: "The admission of the unlawfully seized

evidence was trial error, and the proper remedy is to reverse the conviction and remand the cause for a new trial. *Collins v. State,* 602 S.W.2d 537 (Tex.Cr.App.1980)."

The judgment of the trial court is reversed and the cause is remanded.

CAMPBELL, J., concurs in the result.

ONION, P.J., and W.C. DAVIS and McCORMICK, JJ., dissent.