NO. 07-09-00234-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 6, 2010

_____

THE STATE OF TEXAS, APPELLANT

v.

CHRIS ALLEN MCLAIN, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18002-0904; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

The State of Texas appeals the granting of a motion to suppress by the trial court.[1]  Appellee, Chris Allen McLain, was arrested and indicted for possession with intent to deliver a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams.[2]  We affirm.

---

[1] See TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon 2007).

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (Vernon Supp. 2009)

Factual and Procedural Background

On February 27, 2009, a Plainview police officer presented an affidavit requesting a search warrant to search a business and residence at 3607 North Columbia in Plainview, Texas. The affidavit further alleged that the location to be searched was controlled by appellee. A search was conducted and officers found several items of contraband, among which was over 100 grams of methamphetamine.

A Hale County Grand Jury subsequently indicted appellee on a charge of possession with intent to deliver methamphetamine, in an amount of four grams or more but less than 200 grams. Appellee's trial counsel filed a motion to suppress the contraband seized as a result of the search authorized by the warrant. The trial court held a hearing on appellee's motion to suppress on June 29, 2009. At the conclusion of the hearing, the trial court requested briefs from both parties setting forth their arguments. After receiving the briefs, the trial court granted the motion to suppress on July 14, 2009. At the request of the State, the trial court filed findings of fact and conclusions of law on July 15, 2009.

The State has brought forth two issues on appeal. First, the State contends that the trial court abused its discretion by granting the motion to suppress. Second, the State alleges that the good faith exception contained in article 38.23 of the Texas Code of Criminal Procedure[3] applies. Disagreeing with the State, we will affirm the judgment of the trial court.

---

[3] Further reference to the Texas Code of Criminal Procedure will be by reference to "article __" or "art. __."

## Standard of Review

The State contends that the trial court abused its discretion when it granted the appellee's motion to suppress the evidence seized when the search warrant was served. We normally review a trial court's ruling on a motion to suppress by using a bifurcated standard of review, wherein we give almost total deference to the historical facts found by the trial court and review *de novo* the trial court's application of the law. Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). However, when the trial court is determining probable cause to support the issuance of a search warrant there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit. Hankins v. State, 132 S.W.3d 380, 388 (Tex.Crim.App. 2004). Accordingly, when we review the magistrate's decision to issue a warrant, we apply a highly deferential standard. Swearingen v. State, 143 S.W.3d 808, 810-11 (Tex.Crim.App. 2004). We apply this deferential standard because we have a constitutional preference for searches to be conducted pursuant to a warrant as opposed to warrantless searches. Id. at 810. (citing Illinois v. Gates, 462 U.S. 213, 234-37, 76 L.Ed.2d 527, 103 S.Ct. 2317 (1983)). As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable cause determination. Gates, 462 U.S. at 236.

For purposes of our review, we will find probable cause to exist when the affidavit shows facts and circumstances within the affiant's knowledge to warrant a person of caution to believe that 1) a specific offense has been committed, 2) the property to be searched or items to be seized constitute evidence of the offense or evidence that a

3

particular person committed the offense, and 3) the property or items are located at or on the person, place, or thing to be searched. Art. 18.01(c); Hughes v. State, 843 S.W.2d 591, 593 (Tex.Crim.App. 1992). Finally, we are instructed not to analyze the affidavit in a hyper-technical manner. Gates, 462 U.S. at 236. Rather, when we review the magistrate's determination, we should interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. Rodriguez v. State, 232 S.W.3d 55, 61 (Tex.Crim.App. 2007).

## Analysis

According to the findings of fact issued by the trial court, the court found that the affidavit lacked any specificity regarding when the matters referenced within its four corners occurred. The only mention of time within the four corners of the affidavit is the following statement: "In the past 72 hours, a confidential informant advised the Affiant that Chris was seen in possession of a large amount of methamphetamine at his residence and business." The State urges that we view this statement as implying that the observation of the methamphetamine occurred within the 72 hours before the execution of the affidavit. However, such an implication is not supported by the plain text of the affidavit. We agree with the trial court that, given a common sense reading, the affidavit's reference to the "past 72 hours" speaks to when the affiant spoke to the confidential informant, not when the confidential informant acquired the information.

All we can determine from the four corners of the affidavit is when the affiant spoke to the confidential informant. As the only time reference given in the affidavit is the one described above, the affidavit fails to provide probable cause for it fails to meet

4

the requirements of article 18.01(c).  See art. 18.01(c).  The affidavit fails to give the magistrate any idea of when any of the activity which allegedly supports the issuance of a warrant occurred.  See Davis v. State, 202 S.W.3d 149, 155 (Tex.Crim.App. 2006).  The failure to describe when the events referred to took place is fatal to the efficacy of the affidavit.  Schmidt v. State, 659 S.W.2d 420, 421 (Tex.Crim.App. 1983).  Because the affidavit fails to meet the requirements of article 18.01(c), there can be no probable cause for the issuance of a search warrant.  Id.  Accordingly, the trial court did not abuse its discretion in granting appellee's motion to suppress.  We, therefore, overrule the State's first issue.

Article 38.23(b)

We will next address the State's second contention.  The State alleges, because appellee's motion to suppress was based on claims that the search in question violated the Fourth Amendment to the United States Constitution and Article I, section 9 of the Texas Constitution and did not specifically request exclusion of the evidence pursuant to article 38.23(a), that the good faith exception of article 38.23(b) applies to allow the State to use the evidence.

First, the position of the State ignores the plain language of article 38.23(b), which states:

> It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

art. 38.23(b).

5

When we construe a statute, we look at the plain meaning of the words used in the statute unless the language is ambiguous or its plain meaning leads to absurd results. Swearingen v. State, No. AP-76,073, 2010 Tex.Crim.App. LEXIS 9, at *8 (Tex.Crim.App. February 10, 2010). Looking at the plain meaning of the statute, it is clear, that in order for the exception that the State urges to apply, there must first be probable cause. See Carroll v. State, 911 S.W.2d 210, 223 (Tex.App.—Austin 1995, no pet.) (citing Curry v. State, 808 S.W.2d 481, 482 (Tex.Crim.App 1991)). Inasmuch as we have determined that the trial court did not abuse its discretion in finding that the affidavit in support of the search warrant did not provide probable cause, the exception of article 38.23(b) does not apply. Therefore, we overrule the State's second issue.

Conclusion

Having overruled the State's issues, we affirm the trial court's judgment.


                                        Mackey K. Hancock
                                        Justice


Publish.

Pirtle, J., concurring.

6