The STATE of Texas, Appellant,

v.

Chris Allen McLAIN, Appellee.

No. 07–09–00234–CR.

Court of Appeals of Texas, Amarillo, Panel A.

April 6, 2010.

Rehearing Overruled and Dissenting Opinion Filed May 7, 2010.

Fort Bend ISD admitted was incorrect, and thus, was entirely unclear." *Rivera,* 93 S.W.3d at 320.

Rob Daniel, Assistant District Attorney, Plainview, TX, for Appellant.

Chuck Lanehart, Chappell, Lanehart & Stangl, P.C., Lubbock, TX, for Appellee.

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

## OPINION

MACKEY K. HANCOCK, Justice.

The State of Texas appeals the granting of a motion to suppress by the trial court.[1] Appellee, Chris Allen McLain, was arrested and indicted for possession with intent to deliver a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams.[2] We affirm.

### Factual and Procedural Background

On February 27, 2009, a Plainview police officer presented an affidavit requesting a search warrant to search a business and residence at 3607 North Columbia in Plainview, Texas. The affidavit further alleged that the location to be searched was controlled by appellee. A search was conducted and officers found several items of contraband, among which was over 100 grams of methamphetamine.

---

1. *See* TEX CODE CRIM. PROC ANN. art. 44.01(a)(5) (Vernon 2007).

2. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (Vernon Supp.2009)

A Hale County Grand Jury subsequently indicted appellee on a charge of possession with intent to deliver methamphetamine, in an amount of four grams or more but less than 200 grams. Appellee's trial counsel filed a motion to suppress the contraband seized as a result of the search authorized by the warrant. The trial court held a hearing on appellee's motion to suppress on June 29, 2009. At the conclusion of the hearing, the trial court requested briefs from both parties setting forth their arguments. After receiving the briefs, the trial court granted the motion to suppress on July 14, 2009. At the request of the State, the trial court filed findings of fact and conclusions of law on July 15, 2009.

The State has brought forth two issues on appeal. First, the State contends that the trial court abused its discretion by granting the motion to suppress. Second, the State alleges that the good faith exception contained in article 38.23 of the Texas Code of Criminal Procedure[3] applies. Disagreeing with the State, we will affirm the judgment of the trial court.

## Standard of Review

The State contends that the trial court abused its discretion when it granted the appellee's motion to suppress the evidence seized when the search warrant was served. We normally review a trial court's ruling on a motion to suppress by using a bifurcated standard of review, wherein we give almost total deference to the historical facts found by the trial court and review *de novo* the trial court's application of the law. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App.2007). However, when the trial court is determining probable cause to support the issuance of a search warrant there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit. *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim.App.2004). Accordingly, when we review the magistrate's decision to issue a warrant, we apply a highly deferential standard. *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex.Crim.App.2004). We apply this deferential standard because we have a constitutional preference for searches to be conducted pursuant to a warrant as opposed to warrantless searches. *Id.* at 810. (citing *Illinois v. Gates*, 462 U.S. 213, 234–37, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable cause determination. *Gates*, 462 U.S. at 236, 103 S.Ct. 2317.

■ For purposes of our review, we will find probable cause to exist when the affidavit shows facts and circumstances within the affiant's knowledge to warrant a person of caution to believe that 1) a specific offense has been committed, 2) the property to be searched or items to be seized constitute evidence of the offense or evidence that a particular person committed the offense, and 3) the property or items are located at or on the person, place, or thing to be searched. Art. 18.01(c); *Hughes v. State*, 843 S.W.2d 591, 593 (Tex. Crim.App.1992). Finally, we are instructed not to analyze the affidavit in a hyper-technical manner. *Gates*, 462 U.S. at 236, 103 S.Ct. 2317. Rather, when we review the magistrate's determination, we should interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable infer-

---

**3.** Further reference to the Texas Code of Criminal Procedure will be by reference to

"article ——" or "art. ——."

ences. *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex.Crim.App.2007).

### Analysis

■ According to the findings of fact issued by the trial court, the court found that the affidavit lacked any specificity regarding when the matters referenced within its four corners occurred. The only mention of time within the four corners of the affidavit is the following statement: "In the past 72 hours, a confidential informant advised the Affiant that Chris was seen in possession of a large amount of methamphetamine at his residence and business." The State urges that we view this statement as implying that the observation of the methamphetamine occurred within the 72 hours before the execution of the affidavit. However, such an implication is not supported by the plain text of the affidavit. We agree with the trial court that, given a common sense reading, the affidavit's reference to the "past 72 hours" speaks to when the affiant spoke to the confidential informant, not when the confidential informant acquired the information.

■ All we can determine from the four corners of the affidavit is when the affiant spoke to the confidential informant. As the only time reference given in the affidavit is the one described above, the affidavit fails to provide probable cause for it fails to meet the requirements of article 18.01(c). *See* art. 18.01(c). The affidavit fails to give the magistrate any idea of when any of the activity which allegedly supports the issuance of a warrant occurred. *See Davis v. State*, 202 S.W.3d 149, 155 (Tex.Crim.App.2006). The failure to describe when the events referred to took place is fatal to the efficacy of the affidavit. *Schmidt v. State*, 659 S.W.2d 420, 421 (Tex.Crim.App.1983). Because the affidavit fails to meet the requirements of article

18.01(c), there can be no probable cause for the issuance of a search warrant. *Id.* Accordingly, the trial court did not abuse its discretion in granting appellee's motion to suppress. We, therefore, overrule the State's first issue.

### Article 38.23(b)

We will next address the State's second contention. The State alleges, because appellee's motion to suppress was based on claims that the search in question violated the Fourth Amendment to the United States Constitution and Article I, section 9 of the Texas Constitution and did not specifically request exclusion of the evidence pursuant to article 38.23(a), that the good faith exception of article 38.23(b) applies to allow the State to use the evidence.

First, the position of the State ignores the plain language of article 38.23(b), which states:

> It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

art. 38.23(b).

■ When we construe a statute, we look at the plain meaning of the words used in the statute unless the language is ambiguous or its plain meaning leads to absurd results. *Swearingen v. State*, 303 S.W.3d 728, 732 (Tex.Crim.App.2010). Looking at the plain meaning of the statute, it is clear, that in order for the exception that the State urges to apply, there must first be probable cause. *See Carroll v. State*, 911 S.W.2d 210, 223 (Tex.App.-Austin 1995, no pet.) (citing *Curry v. State*, 808 S.W.2d 481, 482 (Tex.Crim.App.1991)). Inasmuch as we have determined that the trial court did not abuse its discretion in

finding that the affidavit in support of the search warrant did not provide probable cause, the exception of article 38.23(b) does not apply. Therefore, we overrule the State's second issue.

## Conclusion

Having overruled the State's issues, we affirm the trial court's judgment.

PIRTLE, J., concurring.

PATRICK A. PIRTLE, Justice, concurring.

Appellee's business and residence were searched pursuant to a search warrant, issued by a magistrate, based upon an affidavit which the trial court found lacked a substantial basis for concluding that a search of the described premises would uncover evidence of wrongdoing *at the time* the warrant was issued. Examining the four corners of the affidavit, the trial court found that the affidavit lacked any specificity regarding *when* the matters referenced occurred because the only temporal statement concerning evidence to be seized was as follows:

> In the past 72 hours, a confidential informant advised the Affiant that Chris was seen in possession of a large amount of methamphetamine at his residence and business.

The trial court concluded that the reference to "the past 72 hours" was a reference to when the affiant spoke to the confidential informant and not a reference to when the confidential informant witnessed Appellee in possession of the contraband. Based upon that finding, the trial court granted Appellee's motion to suppress evidence seized as a result of the execution of that search warrant. In an appeal brought by the State, the majority has found, and I agree, that the trial court did not abuse its discretion in granting Appellee's motion to suppress.

While I concur in the result reached by the majority, I write separately because I interpret the State's second issue differently than the majority.

The majority construes the State's second issue as contending that the trial court erred because the "good faith" exception found in article 38.23(b) of the Texas Code of Criminal Procedure applies so as to exempt the contested evidence from exclusion. The majority then proceeds to overrule that issue by explaining why that exception does not apply to the situation where an officer's objective good faith reliance is based upon a warrant that was not issued upon probable cause. While I agree with this conclusion, I construe the State's contention differently. I believe the State is contending that Appellee did not raise an article 38.23 objection, thereby waiving it, and that this Court should therefore apply a good faith exception to the application of the exclusionary rule for the technical violation of an accused's constitutional rights, both state and federal, where the evidence is obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate.

Neither the order granting Appellee's motion to suppress, nor the *Findings of Fact and Conclusions of Law* filed by the trial court, specify the basis upon which the evidence seized was suppressed. Furthermore, neither the *Brief for the Appellee* filed in this cause, nor the *Brief in Support of Defendant's Motion to Suppress Evidence,* ever mention article 38.23. The only reference Appellee makes to article 38.23 is contained in the *Motion to Suppress,* filed by his previous counsel, wherein he generally contends that the evidence was seized "in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 9, 10, and 19 of

the Constitution of the State of Texas and under article 38.23 of the Texas Code of Criminal Procedure." To the extent that the trial court's basis for exclusion was anything other than article 38.23, I agree with the State's contention that the exclusionary rule should not apply to the facts of this case.

While the Fourth Amendment to the United States Constitution, and Article I, Section 9 of the Texas Constitution, both protect the right of the people to be secure in their persons, houses, and possessions, against unreasonable searches and seizures, neither contains a provision expressly precluding the use of evidence obtained in violation of their commands. The exclusionary rule we commonly apply is a judicially created rule "designed to safeguard Fourth Amendment rights generally through its deterrent effect." *Herring v. United States*, 555 U.S. ——, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009); *United States v. Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). The fact that a Fourth Amendment violation occurs does not necessarily mean that the exclusionary rule applies and in determining its applicability to a given set of facts the trial court must consider the objective reasonableness of not only the officers who originally obtain a warrant, but also the officers who eventually execute the warrant. *Herring*, 129 S.Ct. at 700; *United States v. Leon*, 468 U.S. 897, 923, n. 24, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

In *Herring*, the police arrested the accused based upon a warrant listed in their computer database. A search incident to that arrest yielded drugs and a gun. It was subsequently determined that the warrant had been recalled months earlier, though the warrant information had never been removed from that database due to the negligence of personnel in the reporting jurisdiction's sheriff's office. When Herring was indicted on federal gun and drug possession charges, he moved to suppress that evidence. The trial court concluded that the exclusionary rule did not apply and denied the motion to suppress. In affirming the trial court's decision, the Supreme Court concluded that, although Herring's arrest was predicated upon an invalid warrant, the benefit of applying the exclusionary rule would be marginal or non-existent where the arresting officer was acting in objective good faith when he reasonably believed there to be an outstanding warrant. *Herring*, 129 S.Ct. at 704.

That same logic reasonably applies here. When officers executed the search warrant in question in this case, they reasonably believed that the warrant had been issued by a neutral magistrate in compliance with the provisions of article 18.01 of the Texas Code of Criminal Procedure. The police misconduct here, if any, was bad grammar, not a "systemic error or reckless disregard of constitutional requirements." *Id.* In cases such as this, the exclusionary rule should not automatically be applied.

While I do not read the State's second issue as narrowly as the majority, in the final analysis, the majority's conclusion is both correct and controlling. Although Appellee never advocated the exclusion of evidence on the basis of article 38.23 at trial or on appeal, it cannot be said that he waived the reference thereto in his motion to suppress. Because the majority correctly concludes that the evidence is excludable under article 38.23(b), and because an appellate court must affirm the decision of the trial court regarding a motion to suppress if that decision is reasonably supported by the record and is correct upon any theory of law applicable to the case, *Young v. State*, 283 S.W.3d 854, 873–74 (Tex.Crim.App.2009), I concur in the result reached by the majority.

PATRICK A. PIRTLE, Justice, dissenting on state's motion for rehearing.

Without written opinion, the majority has decided to overrule the State's Motion for Rehearing. Because I believe the State has raised a legitimate issue as to whether or not Appellee waived Article 38.23 as a basis for suppression of evidence seized pursuant to the search warrant the subject of this appeal, I would grant the State's motion to address that issue. *See Resendez v. State,* 306 S.W.3d 308 (Tex. Crim.App.2009); (designated for publication).