Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT













Dissenting opinion issued May 26, 2011.                                                                                                                                                                                                                    


 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NOS. 01-08-00828-CR

          01-08-01015-CR

          01-08-01016-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



rio
shareese jones, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 405th
District Court

Galveston County, Texas

Trial Court Cause Nos.
07CR3567, 07CR3568, and 07CR3569

 

 

 



DISSENT to OPINION on Rehearing 

While I
join with the majority opinion’s resolution of appellant’s legal‑sufficiency
issue, I dissent to the Court’s judgments as I would grant appellant’s first
issue and reverse and remand for a new trial.

In its
analysis of appellant’s first issue, the majority confuses and conflates two
related—but distinct—legal concepts: staleness and specificity.  Specificity and staleness are interrelated
concepts, but involve different questions, and are applicable to different
points in a review of a search‑warrant affidavit.

Specificity relates to the adequacy of the affidavit: whether the affidavit recites sufficiently specific
information to determine probable cause. 
Under Texas law, “no search warrant shall issue for any purpose . . . unless
sufficient facts are first presented to satisfy the issuing magistrate that
probable cause does in fact exist for its issuance” and “a sworn affidavit
setting forth substantial facts
establishing probable cause shall be filed in every instance in which a search
warrant is requested.”  Tex. Code Crim. Proc. Ann. art. 18.01(b) (West Supp. 2010)
(emphasis added); see also Illinois v. Gates, 462 U.S. 213, 238–39,
103 S. Ct. 2317, 2332 (1983) (holding that magistrate must have substantial
basis for concluding that probable cause exists).  As to the question of timeliness, a magistrate
need be able “to ascertain [from the affidavit] the closeness of time [of the
event that is the basis for probable cause] sufficient to issue the warrant
based on an independent judgment of probable cause.”  See Schmidt v. State, 659 S.W.2d 420, 421 (Tex. Crim. App. 1983) (holding
affidavit insufficient to support issuance of search warrant that failed to
recite when incident described took
place).  A search warrant affidavit
must have a sufficient “level of specificity . . . as to [the] time” of such event so that the magistrate would have “a reasonable basis to infer that [the event] occurred at a time
that would substantiate a reasonable belief that the object of the search [is]
on the premises to be searched at the time the warrant . . . issue[s].”  Davis
v. State, 202 S.W.3d 149, 155, 157 n.23 (Tex.
Crim. App. 2006) (emphasis added).  The
court in Davis then noted that when
the information in an affidavit fails to “give[] a
time frame that would corroborate the existence of [the item sought] on the
premises when the warrant was requested,” it is “insufficient to support the
issuance of a warrant.”  Id. at
157; see also Sherlock v. State, 632
S.W.2d 604, 608 (Tex. Crim. App. 1982) (holding that affidavit is “inadequate
if it fails to disclose facts which would enable the magistrate to ascertain
from the affidavit that the event upon which the probable cause was founded was
not so remote as to render it ineffective.”) (citations
omitted).

Staleness,
on the other hand, relates to whether the
information contained in the affidavit shows probable cause.  In order for the information in an affidavit
to show probable cause, “[t]he facts attested to must be so closely related to
the time of the issuance of the warrant as to justify a finding of probable
cause at the time.”  Peltier v. State, 626 S.W.2d 30, 32 (Tex. Crim. App. 1981) (quoting
Heredia v. State, 468 S.W.2d 833, 835
(Tex. Crim. App. 1971)).  “The proper
method to determine whether the facts supporting a search warrant have become
stale is to examine, in light of the type of criminal activity involved, the time
elapsing between the occurrence of the events set out in the affidavit and the
time the search warrant was issued.”  McKissick v. State, 209 S.W.3d 205, 214
(Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).

Thus,
before a magistrate can determine probable cause, the magistrate must
necessarily first have sufficiently specific
information for an evaluation.  In the
case of a timeliness issue, in order to determine whether the information in
the affidavit is stale—whether too much time has passed between the events in
the affidavit and the time of the issuance of the warrant to make it reasonable
to presume that the items remain at the suspected place—the magistrate must
first be able to determine how much “time [has lapsed] between the occurrence
of the events set out in the affidavit and the time the search warrant was
issued.”  See id.

          Specificity and staleness are
therefore interrelated, but distinct.  An
affidavit that contains sufficiently specific information to satisfy
constitutional and statutory specificity requirements may or may not establish
probable cause.  Whether the totality of
the information in the affidavit justifies a finding of probable cause is not
the salient question.  Rather, the
question to be answered in a specificity review on appeal is: “Is there enough
sufficiently specific information in this affidavit to provide a magistrate a substantial basis for determining
whether there is probable cause?” 
Staleness, by contrast, deals with whether the information in the
affidavit shows that the item sought is still likely to be found at the
suspected place.  Such a review asks,
“Based on information in the affidavit, was the warrant timely?  Was the magistrate justified in concluding
that it was likely that the items would still be present, i.e., that the
information that provided the basis for probable cause was not too remote in
time?”

The
majority has mixed up these two legal concepts, relying largely on legal
theories related to the question of staleness. 
The majority states that “the question before us . . . is whether the
lack of a specific date or time is fatal in this case or whether the totality
of the affidavit nonetheless justified
the magistrate’s finding of probable cause” and concludes that “we hold
that the affidavit provided the
magistrate with a substantial basis for concluding that a search would uncover
evidence of wrongdoing.”  Majority op. at 19, 24.

          In the appeals before us, appellant
does not attack the information in the affidavit as being stale, nor does he
ask for his convictions to be reversed on that basis.  Indeed, the words “stale” or “staleness”
never appear in appellant’s discussion of his contention regarding the
defectiveness of the affidavit.  Rather,
appellant’s complaint on appeal is to the statutory and constitutional
defectiveness of the affidavit for failing to provide the magistrate with
sufficiently specific information from which the magistrate could make a
determination about the timeliness of the warrant.[1]

          The majority relies on case law from
other states regarding the determination of staleness and probable cause when a
specific date is not provided in the affidavit.[2]  See
State v. Walston, 768 P.2d 1387, 1390 (Mont. 1989) (holding that evidence
was “not stale” when informant stated in affidavit that he had “recently” heard
defendant state he was growing marijuana, when elsewhere in affidavit informant
stated that he had been in defendant’s residence twice in last five months and
had seen marijuana plants growing; concluding that “recently” must mean some
different, more recent, time than five months previously mentioned); Commonwealth v. Jones, 668 A.2d 114, 118
(Pa. 1995) (holding that affidavit was “not stale” and magistrate had
substantial basis upon which to issue search warrant for apartment when
affidavit evidenced on-going drug operation at apartment, police were told in
last 24 hours by confidential informant that resident of apartment “had just”
been selling drugs, and informant had personally observed drugs in apartment
within past two months); and Huff v.
Commonwealth, 194 S.E.2d 690, 695–96 (Va. 1973) (concluding that where
there was evidence of ongoing drug operation, affidavit’s reference to drug
activity “in recent weeks” was sufficient to permit magistrate to conclude that
time period at issue was less than one month and time period for incriminating statement
overheard “on a recent date” even less; holding that, under Virginia law, state
had shown required “additional facts that would justify magistrate in finding
probable cause to believe that the criminal conduct continued to the date of
the warrant”).

          Unlike the cases at hand, all of the
affidavits in the out-of-state cases relied upon by the majority included some
other more specific temporal
reference in the affidavit to which the term “recently” could be related (Walston—“past five months”; Jones—“past [2] two months”; Huff—“weeks”).[3]  These cases therefore do not stand for the proposition that the use of the naked term
“recently”—along with evidence of an ongoing drug operation, but without any
other temporal reference in the affidavit—renders a search warrant
“sufficiently specific” to meet constitutional and (Texas) statutory
requirements.

          I agree that where an affidavit
recites facts indicating activity of a protracted and continuous nature, the
passage of time is less significant for the purposes of determining staleness
and, thus, probable cause.  See Lockett v. State, 879
S.W.2d 184, 189 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d).  However, I disagree that such legal principle
alters the statutory and constitutional requirement that an affidavit provide a
sufficiently specific time frame so that a magistrate has a substantial basis
from which it can determine that the sought item is on the premises at the time
the warrant is issued.  Rather, this
“protracted and continuous nature” principle simply permits a greater period of
time between the event forming the basis of probable cause and the issuance of
the warrant before the basis for probable cause would be rendered stale.

          But the question before us is not
whether the information in the affidavit was stale and so the “protracted and
continuance nature” principle is not applicable to the question at hand.  The question before us is whether the
information in the affidavit is sufficiently specific as to the time of the
incident that provides the basis for probable cause—the controlled buy—to
provide the magistrate with a substantial basis for determining probable cause.
 I would hold that it is not.

          In the affidavit at issue, the only
direct temporal reference is the word “recently,” used in reference to Bjerke’s
contact with the first confidential informant. 
The only temporal reference to the date of the controlled buy forming the
basis for probable cause is the term “after,” placing the controlled buy at
some period in time after Bjerke “recently” met with the first confidential
informant.  I disagree with the
majority’s assertion that Bjerke’s statement that he “believes that [an
offense] is currently taking place” supplies a temporal reference on which the
trial court could rely.[4]
 As discussed in footnote four of this
dissent, this is not a statement of fact, but one of belief on which probable
cause cannot be based.  See Gates,
462 U.S. at 239, 103 S. Ct. at 2332–33 (holding that sworn statement that
officer “has cause to suspect and does believe” that contraband is located at a
certain location “will not do” and is a “mere conclusory statement”).

          Further, we may not consider any
external sources of information that may have come to the magistrate’s
attention, such as the circumstances of the presentation of the affidavit, the
time that the affidavit was presented to the magistrate, any haste or immediacy
that may have been displayed by the officers, or any comments made by the
officers at the time of the presentation. 
Just as we are not permitted to review these factors in determining
whether the affidavit establishes probable cause, see Massey v. State, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996), we
similarly would not be permitted to use such external factors in determining
whether the affidavit itself did or did not contain sufficiently specific
information in order to be adequate under law.

          Reviewing the four corners of this
affidavit in light of the standards set out by Davis, Schmidt and Peltier, I conclude that the affidavit
fails to recite with sufficient specificity the time of the controlled buy such
that the magistrate was provided a reasonable basis to infer that the buy
“occurred so close in time” to his issuance of the warrant to substantiate a
belief that the cocaine was at the residence when the warrant issued.  See
Davis, 202 S.W.3d at 155; Peltier,
626 S.W.2d at 32.  The term “recently,”
made in reference to time of the relay of information from the first
confidential informant to the officer, does not provide the necessary
specificity for the magistrate to determine the “closeness of time” of the
controlled buy to the issuance of the warrant or provide a “time frame which
would corroborate” the existence of cocaine at the residence “when the warrant
was requested.”[5]  See
Schmidt, 659 S.W.2d at 421; Davis, 202 S.W.3d at 157.  Indeed,
from the four corners of this affidavit, it would have been impossible to
ascertain “the time elapsing between the [buy] and the time the search warrant
was issued.”  See McKissick, 209 S.W.3d at 214.

          Because the error involved implicates
the right to be free of unreasonable searches and seizures and is
constitutional in dimension under both the U.S. and Texas constitutions, we
must conduct a constitutional‑harm analysis.  See
Hernandez v. State, 60 S.W.3d 106,
108 (Tex. Crim. App. 2001) (holding that harm analysis for erroneous admission
of evidence in violation of Fourth Amendment is to be conducted under Texas
Rule of Appellate Procedure 44.2).  We
therefore must reverse unless we determine beyond a reasonable doubt that the
error did not contribute to the convictions. 
See Tex. R. App. P. 44.2(a)
(providing that, when constitutional error is involved, appellate court must
reverse conviction or punishment unless court determines beyond reasonable
doubt that error did not contribute to conviction or punishment).  Absent evidence arising from the search
conducted pursuant to the warrant, appellant would not have been convicted.  Therefore, I conclude that appellant was
clearly harmed by this error.

          I recognize that the Texas Court of
Criminal Appeals granted petitions for discretionary review in at least three cases
last fall to address the question of the specificity required in search warrant
affidavits as to the time factor.[6]  I urge the Court of Criminal Appeals to grant
the undoubtedly forthcoming petitions for discretionary review in these cases
as well.

          Accordingly,
I join only in the portion of the majority opinion disposing of appellant’s
legal‑sufficiency issue.  As I
believe that appellant’s first issue should be sustained, the judgments
reversed, and the cases remanded for a new trial, I dissent to the affirmance
of appellant’s convictions.[7]

 

 

 

 

                                                          Jim
Sharp

                                                          Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Justice Sharp, dissenting.

Publish.  Tex. R. App. P. 47.2(b).











[1]        This
complaint was preserved below in appellant’s motion to suppress, in which
appellant specifically asserted that the magistrate who issued the search
warrant did not have a substantial basis for concluding that probable cause
existed because the affidavit failed to recite when any of the events upon
which probable cause was based took place. 
The trial court made one conclusion of law related to specificity,
to-wit:

 

4.       The
Affidavit for Search Warrant contains sufficient information to show that the
act or event upon which probable cause was based occurred within a reasonable
time prior to making the affidavit[]

 

and one conclusion of law related to staleness:

5.       The
Affidavit for Search Warrant contains sufficient information to establish
probable cause that the alleged contraband would be at the location at the time
the search warrant was signed and executed.

 





[2]        The majority
also cites generally to 2 Wayne R.
LaFave, Search and Seizure § 3.7(b) (4th ed. 2004).  LaFave himself concedes the problems attendant
upon reliance upon the word “recently” and his cautious admonition that the use
of the word “recently” “might be tolerated
when the reported facts establish so clearly a continuing course of conduct
that the present probable cause could be found to exist even if these facts had
been specifically identified as being several months old.”  (Emphasis added).  LaFave cites no Texas cases regarding the
required specificity of search warrant affidavits in this discussion.  Moreover, the events underlying the affidavit
at issue here—which consist of one “tip” and one “buy”—can hardly be
characterized as fitting into the category of “so clearly a continuing course
of conduct” that probable cause would exist even if these facts were identified
as several months old.

 





[3]        The
majority also cites to a pre-Gates,
pre-Schmidt, pre-Sherlock, pre-Davis Texas
case which is factually distinguishable. 
In Sutton v. State, the court
of criminal appeals held that the use of the term “recently,” as used with
other references to time in the affidavit, including the term “now,” were
sufficient to warrant the conclusion that the event relied upon as a basis for
probable cause “occurred within a reasonable time before the making of the
affidavit.”  419 S.W.2d
857, 861 (Tex. Crim. App. 1967).  In Sutton,
the term “recently” was used twice.  The
first reference was to when the officers received information from the
confidential informant.  The second was
in describing the information received from the confidential informant, who
stated that he “ha[d] seen the marijuana recently.”  This second
use of the term “recently” provided some temporal time frame for the event
upon which probable cause was based.  In
the cases before us, we have only a time reference for the date that the first
informant relayed information to Bjerke. 
The affidavit does not provide a time reference for the event upon which
the probable cause was based—the controlled buy—other than that it occurred
after the relay of information. 
Additionally, the Sutton court
coupled “recently” with the term “that said narcotic drugs are now concealed by
[appellant]” in making its evaluation.  The
term “now concealed” occurred immediately after a sworn statement by the
affiant setting out a specific date that the offense of possession occurred and
was a statement of fact.  By contrast, in
the cases before us, Bjerke’s statement that he “believes that [an offense] is
currently taking place” is not a statement of fact, but merely a conclusory
opinion upon which probable cause cannot be based.  See
Gates, 462 U.S. at 239, 103 S. Ct. at
2332.  In Sutton, the combination of the statement of fact that “drugs are
now concealed,” coupled with the statement of fact that the informant “has seen
the marijuana recently,” provided the magistrate with a reasonable basis to
believe that the event that was relied upon for probable cause—the possession
of marijuana witnessed by the informant—occurred within a reasonable time
before the making of the affidavit.  In
the instant case, Bjerke’s conclusory “belief” that an offense was occurring at
the time he made out his affidavit, even coupled with a statement that “recently”
he had received information from a confidential informant, did not provide the
trial court with a sufficient basis for determining that the controlled buy occurred at a time “so closely related to the
time of the issuance of the warrant,” see
Peltier, 626 S.W.2d at 32, so as to
“corroborate the existence of [the cocaine] on the premises” at the time that
“the warrant was requested.”  See Davis, 202 S.W.3d
at 155.

 





[4]        The
majority emphasizes the use of the phrase “currently.”  LaFave criticizes reliance on the use of the
present tense to establish that the facts are sufficiently timely, and sets out
that the “better view” is that timely probable cause should not turn on the
tenses used in the affidavit.  He speaks
with approval of courts that have rejected the use of the present tense to
establish timeliness, and states that “fortunately” a growing number of courts
are adopting such “sound reasoning” and not relying on the use of the present
tense.  2 Wayne R. LaFave, Search and Seizure §
3.7(b) (4th ed. 2004).

 





[5]        It is the
date of the illegal event, the event forming the basis for the probable cause,
which is significant, not the date that an informant spoke to the police.  See
Schmidt v. State, 659 S.W.2d 420, 421 (Tex. Crim.
App. 1983).

 





[6]        The Texas
Court of Criminal Appeals recently issued an opinion in one of those
cases.  See State v. McLain, No. PD-946-10, 2011 WL 1376724, at *3–4
(Tex. Crim. App. Apr. 13, 2011) (noting that magistrate could infer that
informant saw defendant with methamphetamine at a particular location within 72
hours of signing of search warrant affidavit in which affiant testified, “In
the past 72 hours, a confidential informant advised the Affiant that
[defendant] was seen in possession of a large amount of methamphetamine at his
residence and business”).  McLain, however, is distinguishable from
the present case because here, unlike in McLain,
the affidavit contains no such specific temporal reference that would have
allowed the magistrate to reasonably infer when the informant actually made his
observations. 

 

 





[7]        I also do
not join with the majority’s resolutions of appellant’s second, third, fourth,
and sixth issues as I believe that they are unnecessary dicta.  Because appellant is entitled to have his
convictions reversed and the cases remanded for a new trial based on his first
issue, we need not reach any of his other issues apart from legal sufficiency.